# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

PINEBROOK, LLC,

      Debtor.

Case No. 09-11212-RGM
(Chapter 1)

## MEMORANDUM OPINION

THIS CASE is before the court on the application for compensation of debtor's counsel and the objection to the application filed by First Tennessee Bank and the United States Trustee. The objections are based on the assertion that debtor's counsel is not disinterested as required by 11 U.S.C. §§101(14) and 327(a). The bank and the United States Trustee point out that the debtor's counsel accepted a retainer that was derived in part from entities related to the debtor.

The debtor is a real estate development company which was developing a subdivision before the recent downturn in the economy. Its principal creditor is First Tennessee Bank which is owed approximately $23 million. The debtor is a limited liability company whose members are limited liability companies. The members of the member limited liability companies are also limited liability companies. The corporate structure is complicated. There are numerous individuals and entities who have various interests in various entities that appear on the corporate organizational chart. None of the retainers received by debtor's counsel is significant in and of its itself and none of the entities from which the retainers were received control the debtor. The retainer was paid by several of the related entities who do not control the debtor's actions. When all is said and done, the debtor is controlled by two individuals neither of whom paid part of the retainer. Family members, friends, and investors have all invested in various entities which in some way are related

to the debtor. In addition to this debtor, the two individuals are also the principal members of other limited liability companies also engaged in real estate development. Each company appears to own a single subdivision that it is being developed. The court is satisfied that underlying the entangled corporate lines are the two individuals who substantially control all of the subdivision entities and that all of the other individuals are investors or lenders in some degree. While no explanation was presented for the tangled corporate chart, it appears that it was created for tax reasons, risk allocation, and as investment vehicles.

Some of the individuals and entities who provided retainers in addition to having indirect ownership interests are also lenders. Some are simply lenders. Some made loans during the year prior to the filing of the petition in bankruptcy, a period of time when there was no other source of funding available. The bank asserts that some of these loans are in fact capital contributions and is seeking to have the claims recharacterized. The creditors targeted by the bank are represented by separate counsel.

The bank relies primarily on a 1991 decision of this court, *In re Huntmar Beaumeade I Limited Partnership,* 127 B.R. 363 (Bankr.E.D.Va. 1991) (Bostetter, C.J.). In that case, compensation of debtor's counsel was denied because of the source of the funds. The court reviewed the ownership of the partnership and the relationship of the principal guarantor and concluded that debtor's counsel was not disinterested because it had received payment of its fees from a creditor of the debtors, who was also the principal owner and the guarantor of the debtor's bank obligation. The court stated "[C]ounsel for the debtor is being paid by a creditor whose interests are directly adverse to those of the debtor. Where a creditor pays the legal fees of the debtor's attorney, the possibility of the attorney's loyalty may be divided is so significant that he

cannot continue such representation." *Id*. at 365.  The bank and the United States Trustee suggest that this language creates a per se rule that prohibits any compensation for debtor's counsel being paid by any creditor of the debtor.  This reading of *Huntmar Beaumeade*, however, overlooks the earlier analysis in the opinion of the nexus between the creditor/guarantor making the payment and the debtor itself.  The connection was very close.  It is fair to conclude from that analysis that the creditor/guarantor who was paying the fees also controlled the debtor and that his personal interests were likely to be at odds with the debtor.

Another decision of this court also analyzed the disinterested issue.  *In re Palumbo Family Limited Partnership,* 182 B.R. 447 (Bankr.E.D.Va. 1995) (Bostetter, C.J.).  In that case, the court allowed compensation even though it derived from the principal of the debtor.  The court did not apply a per se rule.  It analyzed the relationships and the potential conflicts and found that counsel was disinterested, the same analysis it performed in *Huntmar Beaumeade.*

The Bankruptcy Code sections applicable are §327(a) which provides that counsel may not hold or represent an interest adverse to the estate and must be disinterested and §101(14) which defines "disinterested person."   A disinterested person is a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

Subsections A and B are clearly satisfied by debtor's counsel in this case.  The only question is whether debtor's counsel remains disinterested under §101(14)(C).  Here, though, the interest that

is adverse must be "materially adverse". Congress clearly anticipated the possibility of there being some adversity. Congress clearly felt that not every adversity was a disqualification. The adversity must be material. Chief Judge Bostetter *In Huntmar Beaumeade* analyzed the relationship of the payor with the debtor and found that the adverse relationship was material. He followed the same analysis *In re Palumbo* and with different facts found that it was not material. In this case, the court is satisfied that any adverse interest between the parties who provided the retainer is not material. They do not have any effective manner in which to control the debtor or counsel in the discharge of their duties. The application for compensation will be approved and debtor's counsel may draw on the retainer provided by the related parties.

Alexandria, Virginia
November 18, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

D. Marc Sarata
Roxanne F. Rosado
Stephen E. Leach

15619